743 So.2d 723 (1999)
STATE of Louisiana
v.
Alton A. TAYLOR.
No. 99-KA-0592.
Court of Appeal of Louisiana, Fourth Circuit.
June 23, 1999.
Rehearing Denied September 15, 1999.
*724 Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellant.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge PATRICIA RIVET MURRAY.
WALTZER, Judge.
Alton A. Taylor was charged by bill of information on 25 March 1998, with possession of heroin, a violation of La. R.S. 40:966(C)(1). At his arraignment on 15 April 1998, he pleaded not guilty. The trial court found probable cause and denied the motion to suppress the evidence on 1 June 1998. On 13 November 1998, the defendant withdrew his earlier plea and entered a plea of guilty as charged with the understanding that his plea was entered under La.C.Cr. P. art. 893 and La. R.S. 13:5301-5304.[1] The trial court did not make an adjudication of the matter but instead referred the defendant to the drug court. The State objected to the defendant's pleading under the drug court statutes and announced its intent to seek writs. However, the State filed a motion to correct an illegal sentence, which the trial court denied, and the State brought this appeal.
As the State points out in its brief, the only facts in the record are found in the police report. According to that report, the defendant was a passenger in a car stopped for speeding. He was observed discarding a bag of heroin from the car window and was subsequently charged with possession of heroin.
The State now makes five assignments of error: (1) the trial court erred in placing the defendant in drug court without the recommendation of the State and over the State's objection; (2) the statute under which the defendant was charged states that the sentence shall be without benefit of probation; (3) alternatively, the trial court failed to comply with the statutory eligibility requirements for drug court; (4) the trial court was not authorized to recuse itself after accepting a guilty plea from a defendant admitted to a drug court probation program; (5) only a court designated a drug division court has authority to determine drug court probation eligibility.
The State first argues that the trial court erred in unilaterally placing the defendant in a drug program without the recommendation of the State and over the State's objection. The State maintains that a defendant is not eligible for participation in a drug court program unless the district attorney agrees and/or recommends him.[2] Citing La. R.S. 13:5304(B)(1), the State argues that a defendant must first be proposed for consideration *725 by the district attorney. That section provides:
B. Participation in probation programs shall be subject to the following provisions:
(1) The district attorney may propose to the court that an individual defendant be screened for eligibility as a participant in the drug division probation program....
The District Attorney may propose a participant and may issue recommendations (both positive and negative), but the ultimate determination of participation in the drug probation program (La. R.S. 15:3501, et.seq.) rests with the trial judge, not the District Attorney. The State's position is that only when the State proposes drug court probation is it an alternative. We have held that the statute is properly read to provide that the district attorney is one of those who may propose probation. If the legislature had intended for the district attorney to be the only source of eligibility for the drug program, the statute would have been worded to that effect. Furthermore, a reading of the entire statute simply does not support the State's position, especially section (B)(11)(a) which states that the judge makes the final determination as to eligibility for probation.
There is no merit in this assignment of error.
The next assignment of error concerns the penalty for La. R.S. 40:966(C); the State points out that the statute provides that the sentence shall be served without benefit of probation, and in this case the defendant was granted probation. La. R.S. 40:966(C) provides that a defendant adjudicated under this statute
shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars.
However, the defendant was not "adjudicated" under La. R.S. 40:966(A); at the hearing on 13 November 1998, after accepting the defendant's plea, the trial court stated,
We are not going to make adjudication regarding your particular matter, but instead refer you to the Drug Court. It is your understanding that this guilty plea will in fact be imposed if you do anything that violates the terms and conditions of the plea bargain agreement.
Thus, the trial court did not sentence the defendant under La. R.S. 40:966(A).
Furthermore, under La. R.S. 13:5304(O) the trial court is allowed to defer sentencing for certain defendants who participate in the court drug program. That section of the statute provides:
The provisions of Code of Criminal Procedure Article 893(A) and (D) which prohibit the court from suspending or deferring the imposition of sentences for violations of the Uniform Controlled Dangerous Substances Law or for violations of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A) shall not apply to prosecutions in drug division probation programs as authorized by this Chapter.
La.C.Cr.P. art. 893 allows suspension and deferral of sentence and probation in certain felony cases. However, La.C.Cr.P. art. 893(A) prohibits suspending a sentence when the conviction is for a specified crime of violence or a second conviction for certain specified crimes, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. Similarly, La.C.Cr.P. art. 893(D)(1)(b) prohibits deferring a sentence for a specified crime of violence, or a specified sex offense, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment of more than five years or a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A). These prohibitionsof La.C.Cr.P. art. 893(A) and (D)are waived for defendants *726 deemed eligible for drug court probation under La. R.S. 13:5304.
The State complains that the trial court's construction of La. R.S.13:5304(O) would allow all drug offenders to be eligible for drug court probation. However, the State's construction of the statute would render the establishment of the drug division probation program meaningless because few offenders would be eligible. The purpose of the program as listed in La. R.S. 13:5301 is to "reduce the incidence of alcohol and drug use, alcohol and drug addiction, and crimes committed as a result of alcohol and drug use and alcohol and drug addiction." A defendant is placed in the program for a period of not less than twelve months. La. R.S. 13:5301(B)(3)(b). Furthermore, a defendant who violates the terms of his probation may have his probation revoked[3]; if he has been sentenced, he must begin serving his sentence, and if he has not been sentenced, after his probation is revoked, he will be sentenced in accordance with his guilty plea. La. R.S. 13:5301(D)(3)(a) and (b). The statute offers a way out of addiction through treatment for those able to benefit from it and the legislatively mandated term of imprisonment for those who cannot fulfill the terms of the drug court probation program. Moreover, La. R.S. 13:5304(B)(10)(f) prohibits persons charged with multiple counts of distribution, possession with intent to distribute, production, manufacture, or cultivation of controlled dangerous substances from eligibility in the drug court probation program. Thus, the legislature has provided a means to help certain offenders addicted to alcohol or controlled dangerous substances.
The State also argues that because the underlying offense prohibits suspension and probation La. R.S. 13:5304(O) cannot permit it. Yet the penalties for La. R.S. 40:966(A) and R.S. 40:967(A) provide that the sentences are to be served without benefit of suspension of sentence or probation,[4] and La. R.S. 13:5304(O) specifically states that the prohibitions on the benefits of suspension of sentence and probation "do not apply to prosecutions in drug division probation programs as authorized in this Chapter." Thus, the wording of the drug court statute indicates that the legislature intended for the drug court statute to override the penalty provisions of the underlying offense statute which in this case is La. R.S. 40:966(C). Furthermore, La. R.S. 13:5304(B)(10) sets out the criminal history that prohibits eligibility. It states:
(a) The defendant cannot have any prior felony convictions for any offenses defined as crimes of violence in R.S. 14:2(13).
(b) The crime before the court cannot be a crime of violence as defined in R.S. 14:2(13), including domestic violence.
(c) Other criminal proceedings alleging commission of a crime of violence as defined in R.S. 14:2(13) cannot be pending against the defendant.
(d) The defendant cannot have been convicted of aggravated burglary or simple burglary of an inhabited dwelling if the defendant has a record of one or more prior felony convictions.
(e) The crime before the court cannot be a charge of driving under the influence of alcohol or any other drug or drugs that resulted in the death of a person.

*727 (f) The crime charged cannot be one of multiple counts of distribution, possession with intent to distribute, production, manufacture, or cultivation of controlled dangerous substances.
Only the last item deals with drug offenses, and in this case the defendant's offensepossession of heroinis not listed.
Accordingly, the defendant's status as an La. R.S. 40:966(C) offender does not prohibit his eligibility for the drug court program.
In its third assignment of error, the State argues that the trial court has not complied with the provisions of the statute. The State lists a number of noncompliance problems: (1) there was no proposal from the district attorney as required by La. R.S. 13:5304(B)(1)(a-c)(2); (2) the examiner did not prepare a report as required by La. R.S. 13:5304(B)(6); (3) the criteria was not assessed by the trial court and the district attorney as mandated by La. R.S. 13:5304(9)(a-k); and (4) the district attorney did not make the final determination as to whether to request revocation, extension, or dismissal of the defendant as required by La. R.S. 13:5304(D)(2). The State further complains that the district attorney has not participated in this defendant's process in drug court; instead the drug court case manager's opinion was the basis of the defendant's admittance into the program.
Many of the State's arguments here are based on the fact that the district attorney did not play any part in recommending and evaluating the defendant for the drug court program. Yet the State refused to participate in the process; at the hearing on 13 November 1998, the prosecutor stated that "[o]ur office maintains that this statute is only for misdemeanors." The State has taken a position in regard to this statute that cannot be supported. The statute actually spells out that violators of R.S. 40:966(A), 967(A), 968(A), 969(A), and 970(A) are not prohibited from suspension of sentence and participation in the drug division probation program. La. R.S. 13:5304(O). Furthermore, a defendant's criminal history which would prohibit participation is spelled out in La. R.S. 13:5304(B)(10).
The legislative intent in this statute is obvious; La. R.S. 13:5301 begins with a statement of purpose which provides:
The legislature of Louisiana recognizes the critical need for criminal justice system programs to reduce the incidence of alcohol and drug use, alcohol and drug addiction, and crimes committed as a result of alcohol and drug use and alcohol and drug addiction. The legislature also recognizes that the problem of alcohol and drug abuse among the citizens of Louisiana is excessive and needs to be addressed and corrected not only for the health and welfare of the citizens of this state, but also because alcohol and drug abuse or dependency has been identified as a contributing factor in the commission of many crimes. It is the intent of the legislature by this Chapter to create a program to facilitate the creation of alcohol and drug treatment divisions in the various district courts of this state.
The legislature clearly intended that certain felony drug offenders be treated for their addictions rather than imprisoned. The district attorney's office has refused to accede to the dictates of the legislature and now complains that any activity pursuant to the statute is not legitimate because the district attorney did not participate. This position is untenable.
Specifically, the State complains that the district attorney did not propose probation for the defendant, did not assess a list of criteria for participation, and did not make the final determination of whether to request revocation, extension or dismissal of the defendant from probation. Because of the State's position on this statute, the trial court admitted the defendant into the program without any consideration of the *728 district attorney. This Court cannot say that the trial court erred in so doing.
The State also argues in this assignment that there is no report in the record from the examiner who is required by La. R.S. 13:5304(B)(6) to speak with the defendant and to administer standardized testing and evaluation. However, at the hearing on 13 November 1998, the drug court case manager reported that she interviewed the defendant twice; she said he met all the background criteriain personal and criminal historythat the drug court requires. The statute does not require a written report.
The State's fourth assignment of error also deals with the trial court's failure to follow the guidelines set out in La. R.S. 13:5301-04; the State argues that the trial court was not authorized to recuse itself after accepting a guilty plea from a defendant admitted to a drug court probation program. The State maintains that the criminal district court has not set up a proper drug division probation program according to the statute. In this case the trial court accepted a guilty plea from the defendant based on the court's promise that he would be placed in a drug court program. However, the section of court in which the plea was accepted was not a designated drug division of court. The State contends that after the judge received the plea, he recused himself from the matter by referring the case to another judge in a drug court.
La. R.S. 13:5304(A) states:
Each district court by rule may designate as a drug division one or more divisions to which alcohol or drug-related offenses are assigned and may establish a probation program to be administered by the presiding judge or judges thereof or by an employee designated by the court. [Emphasis added].
It appears that in the Orleans Parish Criminal District Court one division of court was not designated as the drug probation court; rather each section of court handles drug probation cases. La. R.S. 13:5304 permits multiple divisions of court to handle the cases and multiple judges to administer the probation program.
The State also argues that the trial court recused itself after accepting the guilty plea and transferred the matter to a drug court. However, there is no evidence in the transcript of the trial court's recusal. After warning the defendant that a prison sentence would be imposed "if you do anything that violates the terms and conditions of the plea bargain that you and I have discussed in open court," the judge ordered that the defendant reappear in court in February of 1999 for a status hearing. Obviously, this judge plans to follow this defendant during the course of his probationary period.
There is no merit in this assignment.
In its fifth assignment of error the State contends that only a court designated a drug division court has authority to determine drug court probation eligibility. This argument was considered in the fourth assignment of error.
Accordingly, because there is no merit in the State's arguments, the trial court's decision to defer the defendant's sentence and place him in the drug court probation program is affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 893 provides for suspension and deferral of sentence and probation in felony cases, and La. R.S. 13:5301-5304 sets up a drug division probation program.
[2] At the 13 November 1998 hearing, the prosecutor objected to the defendant's pleading under the drug court statute because the "statute is only for misdemeanors." However, the statute's purpose is obviously to offer drug treatment to certain felons.
[3] The statute provides for a hearing if the probationer violates his treatment agreement or if he does not appear to benefit from treatment; either the treatment supervisor, probation officer, or the district attorney may move for a hearing to determine whether the probation should be revoked.
[4] R.S. 40:966(B)(1) and R.S. 40:967(B)(2)(3)(4)(a) and (b), all prohibit suspension of sentence and probation.