769 So.2d 535 (2000)
STATE of Louisiana
v.
Alton A. TAYLOR.
State of Louisiana
v.
Jesse Clark.
State of Louisiana
v.
Joseph Duplessis, III
Nos. 99-K-2935, 99-KP-2937 and 99-K-2938.
Supreme Court of Louisiana.
October 17, 2000.
Rehearing Denied December 8, 2000.
*536 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Valentin Michael Solino, River Ridge, for applicant.
Ike Spears, Jason Rogers Williams, New Orleans, for respondent in No. 99-K-2938.
Townsend M. Myers, New Orleans, for respondent in No. 99-K-2937.
Yvonne Chalker, Mary Constance Hanes, Abita Springs, for defendant in No. 99-K-2935.
Ellis Paul Adams, Jr., Baton Rouge, for Louisiana District Attorneys Association (Amicus Curiae), in No. 99-K-2935.
TRAYLOR, J.
These consolidated criminal appeals involve the trial court's placement of three individual defendants into the Drug Court Probation Program (Program) pursuant to La.Rev.Stat. 13:5304 (Statute) over the State's objections. The State appealed arguing that the trial court's decisions to defer Defendants' sentences and place them in the Program were erroneous. State v. Taylor, 99-0592 (La.App. 4 Cir. 6/23/99), 743 So.2d 723; State v. Duplessis, 99-0587, 99-05881, 99-0589 (La.App. 4 Cir. 6/23/99), 739 So.2d 1028 (unpublished opinion); State v. Clark, 99-1023 (La.App. 4 Cir. 9/15/99). In each of the appeals, the court of appeal rejected the State's claims and affirmed the trial court. We granted the writs and consolidated these cases to address the issues raised by the State in its application and to correct the lower courts' interpretation of the Statute.

FACTS AND PROCEDURAL HISTORY
All three defendants involved herein were separately arrested for narcotic drug offenses.[1] Defendants separately pled guilty to the charges against them and were referred to the Program by the court, without the recommendation of the State. In each case, the State objected to Defendants' pleading under the Statute and sought writs. The court of appeal found the State's arguments to be without merit and interpreted the statutory language of La.Rev.Stat. 13:5304(B)(1) as permissive, holding in part:
The State's position is that only when the State proposes drug court probation is it an alternative. We have held that the statute is properly read to provide that the district attorney is one of those *537 who may propose probation. If the legislature had intended for the district attorney to be the only source of eligibility for the drug program, the statute would have been worded to that effect. Furthermore, a reading of the entire statute simply does not support the State's position, especially section (B)(11)(a) which states that the judge makes the final determination as to eligibility for probation.
State v. Taylor, 99-0592 (La.App. 4 Cir. 6/23/99), 743 So.2d 723; see also State v. Duplessis, 99-0587, 99-0588, 99-0589 (La. App. 4 Cir. 6/23/99), 739 So.2d 1028 (unpublished opinion); State v. Clark, 99-1023 (La.App. 4 Cir. 9/15/99). Upon receiving these adverse rulings from the court of appeal, the State filed the instant applications seeking a definitive interpretation of the Statute.

DISCUSSION
The basic issue before this court is whether the trial court was authorized to place the Defendants into the Program absent the recommendation of the State. Notably, the issues raised by the State in the instant applications are effectively moot because all three Defendants failed a drug test and, as a result, no longer remain in the Program.[2] Although our review of these cases will not affect the Defendants themselves, the questions raised nevertheless fall within the exception to mootness for claims which, because they arise within a short window of time, are "capable of repetition yet evading review." State v. Neisler, 633 So.2d 1224, 1227 (La.1994); State v. Lacour, 398 So.2d 1129, 1130 (La.1981); Malek v. Yekani-Fard, 422 So.2d 1151, 1152 (La.1982). Should we decline the issue because it is now moot, the issue could permanently escape our consideration and evade appellate review because that window of time for review is shorter than the ordinary appellate delay. Id.; State v. Eaton, 483 So.2d 651, 660-61 (La.App. 2 Cir.1986); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Accordingly, we treat in full the issues raised in the State's application.

Gatekeeper Function of the State
First, the State argues that the trial court erred in unilaterally placing the Defendants in the Program without the recommendation of the State and over the State's objection. Citing to La.Rev.Stat. 13:5304(B)(1), the State maintains that a defendant may only be considered for the Program upon the recommendation of the district attorney. We agree.
Generally, Louisiana criminal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La.Rev.Stat. 14:3. In construing statutes, the court must endeavor to give an interpretation that will give the statute effectiveness and purpose, rather than one which makes it meaningless. State v. Union Tank Car Co., 439 So.2d 377, 381-82 (La.1983). Statutory interpretation begins, "as [it] must, with the language of the statute." Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Hence, we begin our analysis with the contested language of the Statute.
La.Rev.Stat. 13:5304(B), Subsections (1) and (2) provide, in pertinent part:
B. Participation in probation programs shall be subject to the following provisions:

*538 (1) The district attorney may propose to the court that an individual defendant be screened for eligibility as a participant in the drug division probation program.
* * * * * *
(2) Upon receipt of the proposal provided for in Paragraph (1) of this Subsection [i.e., upon receipt of the District Attorney's recommendation], the court shall advise the defendant that he or she may be eligible for enrollment in a court-authorized treatment program through the drug division probation program. (emphasis added)
La.Rev.Stat. 13:5304(B)(11) further provides:
The judge shall make the final determination of eligibility. If, based on the examiner's report and the recommendations of the district attorney and the defense counsel, the judge determines that the defendant should be enrolled in the drug division probation program, the court shall accept the defendant's guilty plea and suspend or defer the imposition of sentence and place the defendant on probation under the terms and conditions of the drug division probation program. The court also may impose sentence and suspend the execution thereof, placing the defendant on probation under the terms and conditions of the drug division probation program. (emphasis added)
The Statute makes certain points clear. First, while it is the judge, and not the district attorney who makes the ultimate decision on whether or not to place a defendant in the Program, it is also clear that the district attorney acts as the gatekeeper and only upon receipt of his recommendation may the court consider eligibility for the Program. It is also clear from the Statute that the sentencing function is left to the court while the plea bargaining and screening functions under the Program are left, as they always are, to the sole prerogative of the district attorney. La.Code Crim.Proc. arts. 61-67; La.Code Crim.Proc. arts. 558; La. Const. Art. 5, § 26(B); State v. Bright, No. 98-KA-0398 (La.4/11/2000), ___ So.2d ___, 2000 WL 366295; State v. Connolly, 96-1680 (La.7/1/97), 700 So.2d 810; State v. Shepherd, 566 So.2d 1127 (La.App. 2 Cir.1990); State v. Howard, 449 So.2d 1355 (La.1984).
However, a study of the legislative history of H.B. 2412, the precursor to La.Rev. Stat. 13:5304, reveals that the bill went to the Senate and was amended to eliminate from Subsection H the sentence which expressly provided "[t]he district attorney shall retain the sole and exclusive right to recommend candidates for the drug division probation program." The amendment left unchanged the introductory sentence in the original version of Subsection H which now appears in the act as finally passed. That the Legislature chose to omit the specific language granting the district attorney the sole right to recommend defendants for drug court probation under La.Rev.Stat. 13:5304 makes the State's reading of R.S. 13:5304 somewhat less certain, but does not render it unclear and wanting of further interpretation by this court.[3] We find persuasive the minutes *539 from the House Judiciary Committee which support the view that the trial court, and not the district attorney, determines final eligibility in the Program.[4] Taken as a whole, the structure and language of La.Rev.Stat. 13:5304 support the State's position in the present cases that only the District Attorney may initiate the process by recommending each defendant to the Program although only the trial court possesses the authority to make the final determination. Clearly, the Statute was drawn to recognize the separate roles and duties of the court and the district attorney under the Statute. In sum, the Statute clearly states that a defendant may not enter the Program unless he or she is first recommended to it by the district attorney and then the party's eligibility is scrutinized and accepted by the trial court.
Thus, there is absolutely no indication that the amendment of H.B. 2412 was intended to give parties other than the district attorney power to propose defendants for the Program. Likewise, there is no indication that the Statute confers any power upon the district attorney to affect sentencing, which is a time-honored judicial function. Rather, both the legislative history and the wording of the Statute itself supports only the finding that the Legislature intended to reserve sentencing as the province of the trial court. Therefore, we are reinforced in our interpretation of La.Rev.Stat. 13:5304 by our review of the legislative history of the act.

CONCLUSION
In light of the above, we reject and reverse the trial court and court of appeal decisions insofar as the interpreted the Statute to allow the court to determine eligibility or place a defendant into the Program without first receiving a recommendation from the district attorney. We hold that the district attorney is to act as the gatekeeper and, when he has reason to believe that the individual charged suffers from alcohol or drug addiction and all other criteria of La. Rev. Stat. 13:5304(B) are met, he may, in his discretion, furnish the court a recommendation before the court may divert defendants into the Program. We pretermit discussion of all remaining issues raised by the State. For the foregoing reasons, we reverse the contradictory findings of the trial court and court of appeal.

DECREE
REVERSED.
LEMMON, J., concurs and assigns reasons.
CALOGERO, C.J., and JOHNSON, J., dissent and assign reasons.
LEMMON, J., Concurring.
La.Rev.Stat. 13:5304 provides a diversionary procedure that is initiated after charging and prior to trial.[1] Therefore, this statute providing for pre-trial initiation of the eligibility process (at which time the district attorney can still reduce or dismiss the charge) involves a prosecutorial function.[2] As such, the statute is *540 vastly different from the statute in State v. LeCompte, 406 So.2d 1300 (La.1981), which involved a post-conviction sentencing procedure, a function reserved exclusively to the judicial branch.
CALOGERO, Chief Justice, dissenting.
In State v. LeCompte, 406 So.2d 1300 (La.1981) (on rehearing), this court considered the validity of a statute that permitted the district attorney to move the sentencing court to reduce or suspend the sentence of a defendant in a drug case who provided substantial assistance to law enforcement in the arrest or prosecution of other criminals. See id. at 1309. In contrast, absent a recommendation by the district attorney, the court was not permitted to consider a reduction or suspension of the defendant's sentence. See id. at 1309. On original hearing, this Court found that giving this discretion to a district attorney was permissible so long as the ultimate and final decision was left to the trial court. See id. at 1306.
On rehearing, however, we reexamined that conclusion and concluded that such an allocation of power to the district attorney was a violation of the separation of powers doctrine under the Louisiana Constitution. See id. at 1311. More specifically, we reasoned that:
If the trial court's decision whether to reduce or suspend the sentence is conditioned upon the district attorney's arbitrary discretion, ... the consequent sentencing (reduced or not, suspended or not) is at least as much the discretionary choice of the district attorney as that of the trial judge. Actually it is more so the choice of the district attorney if his motion is an outset requirement in order to permit the sentencing judge's considering a reduced or suspended sentence.

Id. In fact, as indicated by the emphasis above, this reasoning explicitly rejects the role of the district attorney as a gatekeeper. Consequently, we concluded that a statute that makes a judge's consideration of certain sentencing parameters conditioned upon the recommendation of the district attorney would be unconstitutional. Here, under a different statute, we are presented with a question as to whether a statute that makes a judge's consideration of an alternate form of adjudication for drug and alcohol offenses conditioned upon the recommendation of the district attorney is constitutional. The majority in this case, however, gives little or no consideration to LeCompte and concludes that a district attorney's gatekeeper role is permissible under this statutory scheme.
In a footnote, the majority attempts to make a distinction between a district attorney controlling the judge's discretion post-conviction in LeCompte as opposed to the district attorney controlling the judge's discretion pre-conviction as in this case. See ante, at 538 n. 3. More specifically, the majority concludes that the prosecutor's role in the Drug Court Statutes is similar to screening or negotiation of plea bargains. See id. While this distinction may have some merit at first glance, a close analysis of LeCompte reveals the flaws in such a distinction.
A close analysis of the LeCompte reasoning indicates that this Court's concern with the district attorney's discretion in sentencing was not rooted in the timing of the exercise of that discretion; instead, it was the exercise of the discretion itself as evidenced by the authorities relied upon by the Court. The LeCompte Court cited two decisions from the California Supreme Court in support of its holding: Esteybar v. Municipal Court, 5 Cal.3d 119, 95 Cal. Rptr. 524, 485 P.2d 1140 (1971), and People v. Superior Court of San Mateo County, 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974).
In Esteybar, the statute in question required a court to obtain the consent of the district attorney as a prerequisite to treating a first offense drug charge as a misdemeanor. *541 See Esteybar, 95 Cal.Rptr. 524, 485 P.2d at 1141. In fact, the distinction adopted in footnote 3 of the majority's opinion here, and based on the timing of the district attorney's exercise of discretion, was specifically argued before the California Supreme Court in Esteybar. The court found that, while persuasive, "[t]his argument overlooks the fact that the [court's] determination follows the district attorney's decision to prosecute." See id., 95 Cal.Rptr. 524, 485 P.2d at 1145 (emphasis in original). Additionally, in On Tai Ho, the statute in question required a court to obtain the consent of the district attorney to the transfer of a narcotics offender into a pretrial program for treatment and rehabilitation. See On Tai Ho, 113 Cal.Rptr. 21, 520 P.2d at 406. Finally, as the California Supreme Court noted, these cases stand for the proposition that while the district attorney surely has unfettered discretion prior to the filing of charges, once charges are filed, "the criminal proceeding has already come within the aegis of the judicial branch" and the discretion must be vested with the courts. See Davis v. Municipal Court, 46 Cal.3d 64, 249 Cal.Rptr. 300, 757 P.2d 11, 22 (1988).
In LeCompte, we were faced with criminal proceedings already within the aegis of the judicial branch. As such, we concluded that any restraint on judicial authority would violate the separation of powers doctrine. Similarly, in this case, we are dealing with a case that has already come within the aegis of the judicial branch. This is evident from the fact that a person cannot be eligible for the Drug Court Program until after he is charged by the district attorney. See La.Rev.Stat. § 13:5304(B)(1)(a). Therefore, in my view, the rule of LeCompte should apply and the statute should be found violative of the separation of powers doctrine if the statute is read to require district attorney approval as a prerequisite to a court's use of the Drug Court Program.
As the Court in LeCompte noted, statutes will be given a constitutional interpretation whenever possible. See LeCompte, 406 So.2d at 1311 (citing State v. Newton, 328 So.2d 110 (La.1975)). In this case, the Drug Court Program statutes are capable of such an interpretation.
In reaching such an interpretation, the mandates of the statutory scheme itself have two particular provisions that must be harmonized to effectuate this construction. First, § 5304(B)(1) provides that "[t]he district attorney may propose to the court that an individual defendant be screened for eligibility as a participant in the drug division probation program if all of the following criteria are satisfied...." Second, § 5304(B)(11)(a) provides that "[t]he judge shall make the final determination of eligibility." Further, a judge is required to consider any recommendation from the district attorney, defense counsel, and the examiner's report in making this determination. See id. A simple review of these provisions, along with the rest of the Drug Court Program provisions, reveals that a reasonable, constitutional interpretation is readily available.
A reasonable construction of these statutory provisions will permit the district attorney to make a recommendation to the court regarding the Program when he or she feels that the conditions set forth in the statute are met. Further, a judge will be required to consider that recommendation along with the recommendations of defense counsel and the examiner's office. Above all else, however, the judge will be the final determiner of eligibility. While this determination can be in response to recommendations from the district attorney's office, it can also follow a sua sponte consideration of the issue.
Such an interpretation, contrary to the majority's conclusion, is actually consistent with the legislative history of this program. Originally, the House Bill enacting this program was very clear: "The district attorney shall retain the sole and exclusive right to recommend candidates for the *542 drug division probation program." See ante, at 538. Before enacted, however, the bill was revised to eliminate this discretion in the district attorney. See La.Rev.Stat. § 13:5304 (as enacted). It seems evident that the revision was an attempt by the Legislature to save the statute from constitutional infirmity. Considering the removal of that provision, if this Court were to give any effect to the legislative history of this bill, we should see this as an indication of the legislature's desire to move away from the sole discretion the district attorney now requests. Additionally, it should be noted that giving sole discretion to the district attorney's office for these recommendations will obstruct the objectives of the legislature in creating these drug and alcohol division programs when a district attorney, as in this case, refuses ever to exercise that discretion.
In light of State v. LeCompte, the reasonable and constitutional interpretation available to this statute, and the legislative history surrounding it, I dissent from the majority's opinion. In my view, under the proper interpretation of the statutes, the court retains the discretion to utilize the Drug Court Program independent of the recommendation of the district attorney; however, the district attorney should be free to make recommendations to the court regarding that program when the dictates of § 5304(B)(1) are met.
JOHNSON, J., dissenting.
I disagree with the majority's conclusion that a defendant may be considered for the Drug Probation Program only upon the recommendation of the district attorney under La.R.S. 13:5304. The district attorney apparently believes that it is his sole prerogative to decide who will be given the opportunity to participate in this program, which is made available by our legislature to individuals who suffer from alcohol or drug addiction and who meet all other criteria in La.R.S. 13:5304(B). The majority has accepted this view by saying that the district attorney acts as the gatekeeper and has the sole discretion to decide who will be recommended. This interpretation of the statute is not in accordance with the explicit language of the statute, the legislative intent, nor the statute's stated purpose.
As stated by the majority, statutory interpretation begins with the language of the statute. Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The statute reads in pertinent part:
"The district attorney may propose to the court that an individual defendant be screened for eligibility as a participant in the drug division probation program." La.R.S. 13:5304(B)(1)."
La.R.S. 13:5304(B)(11) further provides that:
"the judge shall make the final determination of eligibility. If, based on the examiner's report and the recommendations of the district attorney and the defense counsel, the judge determines that the defendant should be enrolled in the drug division probation program, the court shall accept the defendant's guilty plea ..." (emphasis added).
The majority concludes that the language of the statute makes clear that the court can only act upon recommendation of the district attorney. I disagree.
It is clear that the statute does not say "only upon motion of the district attorney." Further, the statute does not say that the court cannot, on request of the defendant, or on its own motion, have the defendant screened for drug court program eligibility. Moreover, the import of § 5304(B)(11)(a) is that whether the district attorney recommends placement in the drug probation program is only one factor to be considered by the Court. The section implies that the Court's determination as to eligibility should be based upon the weight of the combination of three enumerated factors. Thus, if the examiner's report is strongly in favor of participation, that factor could be dispositive, *543 regardless of whether the district attorney recommends the defendant for the Drug Court program.
This interpretation is supported by the legislative intent. The majority points out that when H.B. 2412 went to the state Senate, it was amended to eliminate from subsection H (the precursor to La.R.S. 13:5304(H)), the sentence which expressly provided "The district attorney shall retain the sole and exclusive right to recommend candidates for the drug division probation program." (emphasis added). I find that it is illogical to presume that the legislature intended this statute to have the interpretation adopted by the majority, when it specifically deleted the language which would have given the district attorney the gatekeeping function.
The majority's interpretation of the statute also conflicts with the statute's stated goals as set forth in La.R.S. 13:5302:
(1) To reduce alcoholism and drug abuse and dependency among offenders.
(2) To reduce criminal recidivism.
(3) To reduce the alcohol and drug-related workload of the courts.
(4) To increase the persona, familial, and societal accountability of offenders.
(5) To promote effective interaction and use of resources among criminal justice personnel and community agencies.
(6) To reduce the overcrowding of prisons.
There were statistics presented to this Court from a staff report of the Orleans Criminal District Court, section E, which shows that there were 97 persons involved in section E's program, none of whom were recommended by the district attorney. Of the 97 persons, only one was rearrested. The record reveals that the Orleans Parish district attorney takes the position that the program only applies to misdemeanors and not to felony offenses and he has objected to the program in every case in which a felony offense is involved. The staff report reveals that where the drug probation program is used, recidivism is low and the legislative purpose of this program is being carried out. To allow the district attorney to arbitrarily pick and choose what offenses and which defendant's will be recommended for the drug probation program greatly limits the number of persons who will have the opportunity to participate in the program and consequently diminishes the effectiveness and purpose of the program.
If we accept the majority's interpretation, any district attorney could deny persons the opportunity to participate in this program, and effectively shut down the Drug Courts, without reason.
I would hold that the district attorney does not have the sole discretion to determine who should be allowed to participate in the drug probation program. It was not the legislative intent to give such exclusive power to the district attorneys.
NOTES
[1] The cases were individually allotted to Judge Alarcon, Section "L," Orleans Parish Criminal District Court. Defendant Duplessis pled guilty to possession of heroin, a violation of La.Rev.Stat. 40:966(C), second offense possession of marijuana, a violation of La.Rev. Stat. 40:966(D), and possession of diazepam (Valium), a violation of La.Rev.Stat. 40:967(C). Defendant Clark pled guilty to distribution of crack cocaine, a violation of La.Rev.Stat. 40:967(B)(4)(b). Defendant Taylor pled guilty to possession of heroin, a violation of La.Rev.Stat. 40:966.
[2] Defendant Duplessis was remanded and has been sentenced to three years imprisonment at hard labor under the About Face Program. The trial court amended Defendant Clark's conditions of probation to include one year in the Parish Prison's About Face Program. Finally, the trial court revoked Defendant Taylor's probation, sentenced him to four years imprisonment at hard labor, and ordered him to complete the About Face Program. Upon successful completion of this program, the trial court resentenced Taylor to five years active probation.
[3] We will not discuss in full this court's prior ruling in State v. LeCompte, 406 So.2d 1300 (La.1981) (on rehearing) because we find it distinguishable from the case at hand and will detract from the discussion herein. However, we do find a brief peripheral discussion in this footnote to be of some guidance. In LeCompte, this court rejected as a violation of the Separation Clause of the State Constitution a legislative interpretation of the sentencing provision of La.Rev.Stat. 40:967(G)(2) which conditioned exercise of the judicial sentencing function upon the arbitrary discretion of the district attorney.

We reject the application of LeCompte in this case because the function of the district attorney under La.Rev.Stat. 13:5304, which occurs before conviction, is rather likened to the district attorney's sole ability to screen cases for trial or to conduct plea bargains, and is therefore clearly a prosecutorial function. Serious consideration of LeCompte analysis of the instant Statute would run afoul of the rule of statutory construction that if possible a statute is to be read in such a way as to preserve its constitutionality. O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/2000), 758 So.2d 124, 130.
[4] There, Judge William Morvant, from the 19th Judicial District Court, stated that he supported the bill and that, "the judge makes the final determination concerning participation." Minutes of House Judiciary Committee, May 9, 1997 p. 2.
[1] If the district attorney recommends that the defendant be screened for eligibility, the judge makes the determination that the defendant is acceptable. And if the defendant is accepted into the program, he or she must plead guilty.
[2] One of the defendants quotes a transcript statement by an assistant district attorney that the program only applies to misdemeanants, and defendant complains that a felon has never been recommended for eligibility in this district. The program, of course, is also designed for felons, as shown by the exception in La.Rev.Stat. 13:5304(D), making La.Code Crim.Proc. art. 893(A) and (D) inapplicable to prosecutions in drug division probation programs.