[L.A. No. 29822.  In Bank.  June 22, 1971.]

DOLORES MANTES ESTEYBAR, Petitioner, v.
THE MUNICIPAL COURT FOR THE LONG BEACH JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wise, Kilpatrick & Clayton and George E. Wise for Petitioner.

John D. Maharg, County Counsel, and Douglas C. Miller, Deputy County Counsel, for Respondent.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Real Party in Interest.

## OPINION

**WRIGHT, C. J.**—In this case of first impression we are called upon to decide whether a magistrate, pursuant to Penal Code section 17, subdivision (b)(5),[1] may determine that an offense is a misdemeanor without first obtaining the consent of the prosecuting attorney. Since a prosecutor may not be vested with authority to foreclose the exercise of a judicial power, we have concluded that requiring his consent to determine that an offense is a misdemeanor violates the doctrine of separation of powers set forth in article III, section 1, of the California Constitution.

Petitioner, Dolores Mantes Esteybar, was charged with possession of marijuana (Health & Saf. Code, § 11530), an offense which, in the absence of any prior felony convictions, may be treated as either a felony or a misdemeanor. After hearing the evidence at the preliminary hearing the magistrate attempted to hold petitioner to answer on a misdemeanor charge in the municipal court, but he was prevented from exercising his

---

[1]The statute provides: ". . . (b), When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . . (5) When, at or before the preliminary examination and with the consent of the prosecuting attorney and the defendant, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Pen. Code, § 17, subd. (b)(5), as amended in 1969.)

discretion because the prosecuting attorney insisted that petitioner be held to answer on a felony charge in the superior court. Petitioner now seeks a writ of mandate to compel respondent, the Municipal Court for the Long Beach Judicial District, to proceed upon her case as if she had been arraigned on a misdemeanor complaint.

Petitioner was arrested at a Safeway supermarket in the City of Long Beach and was charged with petty theft, a violation of section 484 of the Penal Code. She was accused of having wrongfully taken a package of plastic forks, a bar of soap and a tube of shampoo, all of which had a total value of $1.58. During the booking procedure following petitioner's arrest, a search of her purse revealed a single hand-rolled marijuana cigarette. Petitioner was then charged with possession of marijuana, which charge is the subject of the instant proceeding.

At the preliminary hearing it was stipulated that petitioner had no criminal or arrest record. Because of the nature of the offense and the fact that petitioner had no prior record, the magistrate wished to determine that the offense was a misdemeanor and hold petitioner to answer in the municipal court, rather than holding her to answer in the superior court on a felony charge. The deputy district attorney, however, refused to consent. He stated that it was the policy of the district attorney's office not to consent to the prosecution of such offenses as misdemeanors unless the defendant first agreed to enter a plea of guilty. The magistrate then reluctantly concluded that he had no authority to hold the matter for trial in the lower court in the absence of the district attorney's consent. The case was continued, however, in order to permit the instant petition to be filed. The discussion of court and counsel at the preliminary hearing, which is quoted in its entirety in the margin, clearly sets forth the problems which arise if a prosecutor is permitted to foreclose the exercise of this judicial power.[2]

---

[2]"THE COURT: I don't think the defendant should be held to answer to a felony in the Superior Court because under the circumstances here it seems clear that no judge would send this defendant to state prison even if she were found guilty at the time of trial or pleaded guilty to a violation of Section 11530.

"Of course this is one of those cases where the judge may treat it as a felony or a misdemeanor depending on the sentence imposed.

"Because of the nature of the offense and the lack of any prior record by the defendant I find that there is only probable cause to believe the defendant committed a misdemeanor by possessing a single marijuana cigarette; but that there is no probable cause to believe that she has committed a felony in respect to it.

"At this time I would like to hold her to answer in the Municipal Court for a violation of Section 11530 of the Health and Safety Code, a misdemeanor and prepare this case for trial in this court rather than hold her to answer in the Superior Court. For that reason I would ask the District Attorney's office if there is any objection to my holding her to answer here in the Municipal Court under Section 11530 of

In *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], we dealt with Health and Safety Code section 11718, which prevented a court from exercising its power to strike prior convictions without

---

the Health and Safety Code, a misdemeanor rather than holding her to answer in the Superior Court on a felony.

"MR. PANTOJA [prosecutor]: Your Honor, there would be an objection. The People would argue that the judge's discretion in this matter would be under—solely under Section 17, Subdivision 5 of the Penal Code which requires a consent of the District Attorney's office and prosecuting attorney. And the District Attorney's office will not consent in this matter, Your Honor, to anything less than holding Defendant to answer in the Superior Court on a felony.

"THE COURT: Will you tell me why the District Attorney's office will not agree to holding the defendant to a misdemeanor? Why will you not agree to that?

"MR. PANTOJA: For the specific reason behind the failure to agree I would not be capable of saying. What I could say is that it is the overall policy of the District Attorney's office that in this type of matter where a felony complaint has been filed that if there is any disposition to be made, Your Honor, it should be done at the Superior Court level, at which time if it is to be handled as a misdemeanor it should be handled as such by the sentencing.

"THE COURT: You haven't answered my question. Maybe you don't wish to. Let me put it this way: Isn't it a fact that it is the policy of the District Attorney's office not to agree or consent to the reduction of any felony to a misdemeanor, first of all, unless the defendant intends to plead guilty to the misdemeanor? Is that not the policy of the District Attorney's office under certain circumstances?

"MR. PANTOJA: As to policy, of course I am not free to speak because I don't make it. But I will say this: In the normal course of events a plea of guilty to a misdemeanor or the crime can be recategorized as a misdemeanor only in a plea of guilty.

"THE COURT: You correct me if I am wrong but I have seen a memorandum of the District Attorney's office and according to my best recollection it is a policy memo which states that the District Attorney's office will not consent to the reduction of any felony to a misdemeanor first of all unless the defendant agrees to plead guilty to a misdemeanor and then only in certain circumstances. And those situations are, for example, if there is no more than one marijuana cigarette involved—and then it goes on to list various situations. Is that not correct?

"MR. PANTOJA: That is correct, Your Honor.

"THE COURT: All right.

"MR. WISE [defense counsel]: May I say something, your Honor? . . . First let me say that under Section 17a, Subdivision 5 that I would prefer that this matter be arraigned on a misdemeanor rather than a felony.

"THE COURT: Let me get this straight: You would prefer this matter be treated as a misdemeanor, would you not, on behalf of the defendant?

"MR. WISE: That is correct. And I would believe that the Court has authority to do so despite Section 17a, Subdivision 5, in the light of the case of People versus [Tenorio].

"And the determination of whether a particular offense is a felony or a misdemeanor is purely a determination of the Court and is a judicial determination. I don't believe the District Attorney or any prosecuting attorney can be clothed with that judicial authority to bar the Court from doing what the Court has indicated he wants to do, and I would therefore ask the Court—possibly over the objection of the District Attorney—to proceed as though this case were based on a misdemeanor complaint.

"THE COURT: I would certainly like to do it and I think it is a shame that the Superior Courts are cluttered with cases of this type wherein we spend all this money for preliminary hearing transcripts and hearings at the Municipal Court level. And

first obtaining the approval of the district attorney. We held that this section constituted an improper invasion of the constitutional province of the judiciary and was therefore violative of the California constitutional separation of powers. ■ As we stated in *Tenorio*, "The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. The judicial power must be independent, and a judge should never be required to pay for its exercise." (*Tenorio, supra*, at p. 94.) Although we are confronted with a different set of circumstances, nevertheless, the rationale underlying our decision in *Tenorio* applies with equal force to the instant case. ■ The judicial power is compromised when a magistrate, who in the interests of justice and in strict compliance with statutory requirements is of the opinion that an offense should be determined to be a misdemeanor, wishes to exercise his power to hold the defendant to answer in the municipal court but finds that before he may do so he must bargain with the prosecutor.

■ In determining whether a defendant should be held to answer on a felony or a misdemeanor, a committing magistrate exercises a judicial power which must be based upon an examination of the circumstances of the particular case before him. Nevertheless, section 17, subdivision (b)(5), purports to vest in the prosecutor, admittedly an advocate, a power which may be exercised in a totally arbitrary fashion without regard to the

---

then, in the Superior Court—as well as the Municipal Court— we have the expense of appointing attorneys, and the defendant ends up invariably in such cases receiving a sentence for a misdemeanor and receiving a fine of a hundred dollars after the taxpayer has spent hundreds and hundreds of dollars unnecessarily in prosecuting it.

"I am sure the Legislature had in mind eliminating that expensive procedure and eliminating the necessity of cluttering up the Superior Court calendar with this type of case when they passed and adopted this Section 17 of the Penal Code.

"However, in view of the wording of that section I have grave doubt that I have a right to keep it here and reduce it without the consent of the District Attorney's office. So, I am going to reluctantly hold the Defendant to answer in the Superior Court. At least that is my feeling now.

"MR. WISE: If the Court intends to do so, your Honor, may I ask that the matter be held in abeyance by way of a continuance until such time I can obtain a writ from the California Supreme Court to see if the Court doesn't have such authority?

"THE COURT: I would appreciate it if you would do that. And unless I am restrained from doing so and unless the Appellate Court agrees that I have the jurisdiction to reduce it to a misdemeanor without the consent of the District Attorney then I intend to hold the defendant to answer to the Superior Court.

"And I hope you are successful in having it determined that I do have the right to reduce this to a misdemeanor even in the absence of consent from the District Attorney's office.

"So, for the purpose of giving you a chance of getting a writ I will continue this matter, if the defendant will consent to giving up her right to a speedy trial, and continue it for one month from today which will be November 20th."

circumstances of individual cases. Indeed, the prosecutor in the instant case admitted that it was a county-wide policy of the district attorney's office to refuse to consent to the prosecution of such offenses as misdemeanors unless the defendant first agreed to plead guilty.[3] ■ Under our system of separation of powers, we cannot tolerate permitting such an advocate to possess the power to prevent the exercise of judicial discretion as a bargaining tool to obtain guilty pleas. ■ A defendant is entitled to have an independent determination of whether he should be held to answer on a felony or a misdemeanor, and this is not possible when the exercise of judicial discretion depends on the "pleasure of the executive." (*Tenorio, supra,* at p. 93.)

The People contend that the judicial power exercised by a magistrate is not the kind of judicial power contemplated by *Tenorio,* and that this power is not judicial power within the constitutional meaning of separation of powers because the functions of a magistrate are legislatively determined rather than derived from the Constitution. The People rely on a long line of cases which hold that the system of prosecution by information is subject to control and regulation by the Legislature and that the functions of a magistrate at a preliminary hearing are solely those given by statute. (E.g., *People* v. *Foster,* 198 Cal. 112 [243 P. 667]; *People* v. *Cohen,* 118 Cal. 74 [50 P. 20]; *People* v. *Superior Court,* 249 Cal.App.2d 727 [57 Cal.Rptr. 818].) They also rely on the differences between the powers of constitutional courts (those established in art. VI, § 1) and the powers of judges of constitutional courts acting solely in the capacity of magistrates. These arguments, however, are not persuasive. Article I, section 8 of the California Constitution provides that offenses formerly required to be prosecuted by indictment may now be prosecuted by information after examination and commitment by a magistrate. ■ Thus while the Legislature may prescribe the detailed duties of a magistrate, the magistrate's authority to conduct a preliminary examination is derived from the Constitution and not from the Legislature. ■ Furthermore, while the powers of a magistrate are not the same as those exercised by a court, his act of holding a defendant to answer a felony or a misdemeanor charge is a judicial act and involves an exercise of judicial discretion. ■ Con-

---

[3] Such county-wide policies of the district attorney's office completely frustrate the purpose of the 1969 amendment to Penal Code section 17. The amendment was originally proposed in an attempt to have matters of a relatively minor nature prosecuted in municipal courts in order to speed their disposition, relieve overall congestion, and conserve the critically limited time and resources of the superior courts for more important matters. These goals cannot be achieved when the district attorney has the power to insist that all such cases be filed and prosecuted as felonies in the superior court. Our holding in this case removes the possibility of such county-wide policies and furthers the purpose of section 17, subdivision (b)(5).

trary to the People's argument, the fact that a particular power has been conferred on a magistrate by statute does not prevent the exercise of that power from being a judicial act for purposes of the doctrine of separation of powers. ■ Within the statutory framework, the magistrate at a preliminary hearing acts as an independent arbiter of the issues presented by the adversaries. He weighs evidence, resolves conflicts and gives or withholds credence to particular witnesses (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal.Rptr. 289, 483 P.2d 1241]), and just as these are judicial acts, so is the act of holding a defendant to answer. To accept the People's contention would be to reduce this function to an ex parte act and render meaningless the magistrate's independent determination.

The People also contend that since the Legislature was not required to give this power to the magistrates, the Legislature may therefore condition the exercise of the power in any manner it wishes. This argument is likewise not persuasive. Article III, section 1 of the California Constitution provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." ■ The prosecution of a case by the district attorney involves an exercise of executive power, and as previously stated, the magistrate's act of holding a defendant to answer is a judicial act for the purposes of this section of the Constitution. ■ Since the exercise of a judicial power may not be conditioned upon the approval of either the executive or legislative branches of government, requiring the district attorney's consent in determining the charge on which a defendant shall be held to answer violates the doctrine of separation of powers. While it may be conceded that the Legislature in the first instance was not required to give the power to a magistrate to determine whether to hold a defendant to answer to a felony or a misdemeanor charge, having done so, the Legislature cannot condition its grant upon the approval of the district attorney.

The People contend that our holding constitutes an invasion of the charging process, an area traditionally reserved to the prosecutor, because we have abridged his discretion in deciding "what crime is to be charged or if any crime is to be charged." (*People* v. *Sidener,* 58 Cal.2d 645, 658 [25 Cal.Rptr. 697, 375 P.2d 641].) This argument overlooks the fact that the magistrate's determination *follows* the district attorney's decision to prosecute. ■ As stated in *Tenorio,* "When the decision to prosecute has been made, the process which leads to acquittal or sentencing is fundamentally judicial in nature." (*Tenorio, supra,* at p. 94.)

■ Thus we have concluded that Penal Code section 17, subdivision (b)(5), violates article III, section 1 of the California Constitution insofar

as it requires the consent of the prosecutor before a magistrate may exercise the power to determine that a charged offense is to be tried as a misdemeanor.

Let a writ of mandate issue compelling respondent to proceed upon the case as if petitioner had been arraigned on a misdemeanor complaint.[4]

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

The petition of the real party in interest for a rehearing was denied July 21, 1971.

---

[4]The People contend that the Municipal Court for the Long Beach Judicial District is not a proper party to this proceeding because the magistrate continued the case pending final determination of this petition and petitioner therefore has not yet been formally held to answer in respondent court. The magistrate, however, clearly wished to hold petitioner to answer in respondent court and would have done so but for the prosecutor's insistence on his right to concur in the decision. (See fn. 2, *supra*.) Since the prosecutor had no such right to object, we deem petitioner to have been held to answer in respondent court as if she had been arraigned on a misdemeanor complaint.