126 Cal.Rptr.2d 868 (2002)
103 Cal.App.4th 663
The PEOPLE, Plaintiff and Respondent,
v.
Alonza Rydell THOMAS, Jr., Defendant and Appellant.
No. F037501.
Court of Appeal, Fifth District.
November 8, 2002.
Review Granted and Transferred January 29, 2003.
*869 Athena Shudde, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Louis M. Vasquez, Lloyd G. Carter and Michelle L. West, Deputy Attorneys General, for Plaintiff and Respondent.
Review Granted and Transferred to the Court of Appeal January 29, 2003.

OPINION
GOMES, J.
Has a criminal court the discretion to order a juvenile disposition on a Proposition 21[1] "discretionary direct file" after a 15 year old minor pleads guilty to robbery and admits a personal firearm use enhancement? (Pen.Code, §§ 1170.17, subd. (a), 1170.19, subd. (a)(4) (hereafter 1170.19(a)(4));[2] Welf. & Inst.Code, §§ 602, subd. (b), 707, subd. (d)(2)(B).) Before we answer that question in the affirmative, we hold that the requirement of section 1170.19(a)(4) that a criminal court secure a prosecutor's consent to order a juvenile *870 disposition after a criminal trial on a discretionary direct file violates the state Constitution's separation of powers doctrine. (Cal. Const., art. III, § 3.)[3] We reverse and remand for an exercise of the discretion that section 1170.19(a)(4) grants to a criminal court to order a juvenile disposition after a criminal trial on a discretionary direct file.

FACTUAL AND PROCEDURAL HISTORY[4]
Fifteen-year-old Alonza Rydell Thomas, Jr., entered a market carrying a firearm and wearing a bandanna over his nose and mouth. He put the firearm in a clerk's chest and demanded money. After one clerk gave him money from a register, a struggle ensued with another clerk for control of the firearm. The firearm discharged, harming no one, and the clerks held Thomas until the police arrived.
Thomas pled guilty to second degree robbery, admitted a personal firearm use allegation, and filed a motion for a remand to juvenile court.[5] (Pen.Code, §§ 211, 212.5, subd. (c), 12022.53, subds. (a)(4), (b).) The prosecutor opposed the motion. The court denied the motion and imposed a state prison sentence.

DISCUSSION

I. Constitutionality Of Proposition 21
Thomas argues that Proposition 21 violates the single-subject initiative rule (Cal. Const., art. II, § 8, subd. (d)) and that the discretionary direct file authority enacted into Welfare and Institutions Code section 707, subdivision (d)(2) by Proposition 21 violates state constitutional guarantees of separation of powers (Cal. Const., art. III, § 3), equal protection of the laws (id., art. I, § 7, subd. (a)), uniform operation of laws (id., art. IV, § 16), and due process of law (id., art. I, §§ 7, subd. (a), 15).
After briefing was complete in the case at bar, the California Supreme Court adjudicated challenges like Thomas's. The court held that Proposition 21 does not violate the single-subject initiative rule (Cal. Const., art. II, § 8, subd. (d)), that the grant in Welfare and Institutions Code section 707, subdivision (d)'s (hereafter 707(d)) grant of prosecutorial discretion to file charges against certain minors directly in criminal court without juvenile court fitness hearings does not violate the separation of powers doctrine (Cal. Const., art. III, § 3), that section 707(d)'s elimination of a prior juvenile court fitness hearing does not violate due process of law (Cal. Const., art. I, §§ 7, subd. (a), 15), and that section 707(d)'s grant of prosecutorial discretion to file charges against some minors but not others does not violate equal protection of the laws (Cal. Const., art. I, § 7, subd. (a)) or the uniform operation of the laws doctrine (id., art. IV, § 16). (Manduley v. Superior Court (2002) 27 *871 Cal.4th 537, 550-562, 117 Cal.Rptr.2d 168, 41 P.3d 3.)

II. Constitutionality of Penal Code Section 1170.19(a)(4)
Thomas argues that the requirement of Penal Code section 1170.19(a)(4) that a criminal court secure a prosecutor's consent to order a juvenile disposition after a criminal trial violates the state Constitution's separation of powers doctrine. The Attorney General argues the contrary.
In the seminal case of People v. Tenorio (1970) 3 Cal.3d 89, 91-95, 89 Cal.Rptr. 249, 473 P.2d 993, the California Supreme Court held that a statute requiring the trial court to secure a prosecutor's consent to dismiss an allegation of a prior violates the state Constitution's separation of powers doctrine by improperly invading the constitutional province of the judiciary:
"When the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature. Just as the fact of prosecutorial discretion prior to charging a criminal offense does not imply prosecutorial discretion to convict without a judicial determination of guilt, discretion to forgo prosecution does not imply discretion to sentence without a judicial determination of those factors which the Legislature has never denied are within the judicial power to determine and which relate to punishment. The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. The judicial power must be independent, and a judge should never be required to pay for its exercise." (Id at p. 94, 89 Cal.Rptr. 249, 473 P.2d 993.)
In the years after Tenorio, the Supreme Court applied the rationale of that case to several analogous situations. In Esteybar v. Municipal Court (1971) 5 Cal.3d 119, 122, 95 Cal.Rptr. 524, 485 P.2d 1140, the court held that a statute requiring a magistrate to secure a prosecutor's consent to determine that a wobbler is a misdemeanor rather than a felony violates the separation of powers doctrine (see Pen.Code, § 17, subd. (b)):
"Since the exercise of a judicial power may not be conditioned upon the approval of either the executive or legislative branches of government, requiring the district attorney's consent in determining the charge on which a defendant shall be held to answer violates the doctrine of separation of powers." (Esteybar v. Municipal Court, supra, 5 Cal.3d at p. 127, 95 Cal.Rptr. 524, 485 P.2d 1140.)
In People v. Navarro (1972) 7 Cal.3d 248, 258-260, 102 Cal.Rptr. 137, 497 P.2d 481, the Supreme Court held that a statute requiring a trial court to secure a prosecutor's consent to order a posttrial commitment to a narcotic detention, treatment, and rehabilitation facility violates the separation of powers doctrine:
"The imposition of sentence and the exercise of sentencing discretion are fundamentally and inherently judicial functions. [Citation.] ... [¶] ... `It bears reiteration that the Legislature, of course, by general laws can control eligibility for probation, parole and the term of imprisonment, but it cannot abort the judicial process by subjecting a judge to the control of the district attorney.'" (Id. at pp. 258-259, 102 Cal.Rptr. 137, 497 P.2d 481, fns. omitted.)
In People v. Superior Court (On Tai Ho) (1974) 11 Cal.3d 59, 61, 113 Cal.Rptr. 21, 520 P.2d 405, the Supreme Court held that a statute requiring a trial court to *872 secure a prosecutor's consent to order pretrial diversion to a narcotic treatment and rehabilitation program violates the separation of powers doctrine:
"[W]hen the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility.... With the development of more sophisticated responses to the wide range of antisocial behavior traditionally subsumed under the heading of `crime,' alternative means of disposition have been confided to the judiciary." (Id. at p. 66, 113 Cal.Rptr. 21, 520 P.2d 405.)
In Davis v. Municipal Court (1988) 46 Cal.3d 64, 69-72, 249 Cal.Rptr. 300, 757 P.2d 11, the court held that a local rule on wobblers precluding diversion to those whom a prosecutor charges with felonies while permitting diversion to those whom a prosecutor charges with misdemeanors does not violate the separation of powers doctrine. The local rule grants discretion that a prosecutor exercises before the filing of a criminal charge, but the challenged statutes at issue in Tenorio and progeny "purported to give a prosecutor the right to veto a decision made by a court after criminal charges had already been filed. None of the cases suggests that the exercise of prosecutorial discretion prior to the filing of such charges improperly subordinates the judicial branch to the executive in violation of the Constitution, even though the prosecutor's exercise of such charging discretion inevitably affects the sentencing or other dispositional options available to the court." (Davis v. Municipal Court, supra, at p. 82, 249 Cal.Rptr. 300, 757 P.2d 11.) Like the challenged statutes at issue in Tenorio and progeny, Penal Code section 1170.19(a)(4) purports to give a prosecutor the right to veto a decision that a criminal court makes after the filing of a criminal charge.
Manduley stresses the critical distinction between prosecutorial discretion before and prosecutorial discretion after the filing of a criminal charge. Tenorio and progeny "establish that the separation of powers doctrine prohibits the legislative branch from granting prosecutors the authority, after charges have been filed, to control the legislatively specified sentencing choices available to a court. A statute conferring upon prosecutors the discretion to make certain decisions before the filing of charges, on the other hand, is not invalid simply because the prosecutor's exercise of such charging discretion necessarily affects the dispositional options available to the court." (Manduley v. Superior Court, supra, 27 Cal.4th at p. 553, 117 Cal.Rptr.2d 168, 41 P.3d 3.) "Because [Welfare and Institutions Code] section 707(d) does not confer upon the prosecutor any authority to interfere with the court's choice of legislatively specified sentencing alternatives after an action has been commenced pursuant to that statute, we conclude that section 707(d) does not violate the separation of powers doctrine." (Ibid.)
In People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (Romero), the court approved the application of the rationale in Tenorio to analogous situations in later cases and stated the fundamental principle in that line of authority: "When the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility." (Romero, supra, at p. 517, 53 Cal.Rptr.2d 789, 917 P.2d 628.) Implementing that principle, Romero avoided finding a violation of the separation of powers doctrine by construing a provision of the three strikes law so as not to require a prosecutor's consent to the exercise of the trial court's authority on its *873 own motion to strike a strike prior at sentencing. (Id. at pp. 509-517, 53 Cal. Rptr.2d 789, 917 P.2d 628; Pen.Code, §§ 667, subd. (f), 1385.)
The discretion that Penal Code section 1170.19(a)(4) grants to a criminal court to order a juvenile disposition after a discretionary direct file indisputably constitutes a judicial responsibility squarely within the scope of "[a]ll of the subsequent cases applying Tenorio to invalidate legislative provisions." (Davis v. Municipal Court, supra, 46 Cal.3d at p. 83, 249 Cal.Rptr. 300, 757 P.2d 11.) Like the statutes in Tenorio and progeny, section 1170.19(a)(4) authorizes "the exercise of a prosecutorial veto after the filing of criminal charges, when the criminal proceeding has already come within the aegis of the judicial branch." (Davis v. Municipal Court, supra, at p. 83, 249 Cal.Rptr. 300, 757 P.2d 11.) Accordingly, we hold that section 1170.19(a)(4)'s requirement that a criminal court secure a prosecutor's consent to order a juvenile disposition after a criminal trial on a discretionary direct file violates the state Constitution's separation of powers doctrine. (Cal. Const., art. III, § 3.) Since the constitutionally infirm requirement of a prosecutor's consent is severable from the rest of section 1170.19(a)(4) (see People v. Navarro, supra, 7 Cal.3d at pp. 260-264, 102 Cal.Rptr. 137, 497 P.2d 481),[6] we turn, then, to the issue of whether Thomas is entitled to relief from the denial of his request.

III. The Request for Relief on the Record
Thomas argues that the court was not aware of its statutory discretion to order a juvenile disposition after a criminal trial on a discretionary direct file and that a remand is necessary to allow the exercise of that discretion. The Attorney General argues that the court had no discretion and that no remand is necessary.
Since the passage of Proposition 21, Welfare and Institutions Code section 602, subdivision (b) mandates criminal court jurisdiction (without a prior juvenile court fitness adjudication) of any minor 14 years of age or older facing any specified murder or serious sex offense charge on the list in that statute. (Stats.1999, ch. 996, § 12.2; Prop. 21, § 18; Stats.2001, ch. 854, § 72.) For any minor 14 years of age or older facing any charge not on that list, post-Proposition 21 section 707, subdivision (d)(2) authorizes discretionary direct file criminal court jurisdiction (without a prior juvenile court fitness adjudication) under certain circumstances. (Ibid; Stats.1998, ch. 936, § 21.5; Prop. 21, § 26.) The accusatory pleading against Thomas alleged personal firearm use. (Pen.Code, §§ 12022.5, subd. (a)(1), 12022.53, subds. (a)(4), (b).) That is the circumstance authorizing the discretionary direct file in the case at bar. (§ 707, subd. (d)(2)(B).)
With reference to Welfare and Institutions Code section 707(d), the statute at issue in Manduley, the Supreme Court notes that "[t]he prosecutor's discretionary charging decision ... is no different from the numerous prefiling decisions made by prosecutors ... that limit the dispositions available to the court after charges have been filed. Conferring such authority upon the prosecutor does not limit the judicial power, after charges have been filed to choose among the dispositional alternatives specified by the legislative branch." (Manduley v. Superior *874 Court, supra, 27 Cal.4th at p. 555, 117 Cal.Rptr.2d 168, 41 P.3d 3, italics added.) One of those alternatives is the discretion that Penal Code section 1170.19(a)(4) grants to a criminal court to order a juvenile disposition after a criminal trial on a discretionary direct file. Manduley characterizes as only a general rule the statutory preclusion by section 707(d) of a juvenile disposition: "If the prosecutor initiates a proceeding in criminal court, and the circumstances specified in section 707(d) are found to be true, the court generally is precluded by statute from ordering a juvenile disposition. (Welf. & Inst.Code, § 1732.6, subd. (b)(2); see Pen.Code, §§ 1170.17, 1170.19.)" (Manduley v. Superior Court, supra, at p. 555, 117 Cal.Rptr.2d 168, 41 P.3d 3, italics added.)
Manduley later states: "The voters, through the enactment of Proposition 21, have determined that the judiciary shall not make the determination regarding a minor's fitness for a juvenile disposition where the prosecutor initiates a criminal action pursuant to section 707(d)." (Manduley v. Superior Court, supra, 27 Cal.4th at p. 555, 117 Cal.Rptr.2d 168, 41 P.3d 3, fn. omitted.) We read that sentence as an articulation of Welfare and Institutions Code section 707(d)'s mandate: "In any case in which the district attorney ... has filed an accusatory pleading against a minor in a court of criminal jurisdiction pursuant to the provisions of this subdivision, the case shall then proceed according to the laws applicable to a criminal case." (Id., subd. (d)(4).)
For two reasons, we decline to make a broader inference from that sentence. First, not once did Manduley cite Penal Code section 1170.19(a)(4), the statute in which the Legislature expressly granted discretion to the criminal court to order a juvenile disposition after a criminal trial on a discretionary direct file. That statute was simply not at issue in that case. It is axiomatic that cases are not authority for propositions not considered. (People v. Nguyen (2000) 22 Cal.4th 872, 879, 95 Cal.Rptr.2d 178, 997 P.2d 493; People v. Gilbert (1969) 1 Cal.3d 475, 482, fn. 7, 82 Cal.Rptr. 724, 462 P.2d 580.) Second, Manduley itself notes that "a prosecutor's decision to file charges against a minor in criminal court pursuant to [Welfare and Institutions Code] section 707(d) is not analogous to a prosecutor's veto of a court's legislatively authorized determination, after a judicial hearing, of a defendant's suitability for a particular disposition." (Manduley v. Superior Court, supra, 27 Cal.4th at p. 559, 117 Cal. Rptr.2d 168, 41 P.3d 3.) On that rationale, as section 707(d) survives a separation of powers analysis, so section 1170.19(a)(4) does not.
After conviction on a discretionary direct file, Penal Code section 1170.17, subdivision (a)[7] authorizes the court to impose the same sentence for a minor as for an adult pursuant to the authority of section 1170.19, subdivision (a). "Notwithstanding any other provision of law," the latter statute not only sets out (in subparagraphs (1)-(3)) conditions for the imposition of an adult sentence but also articulates (in subparagraph (4)) an express legislative grant of discretion to the criminal court to order a juvenile disposition instead. The criminal court's exercise of that discretion after the filing of a criminal charge is not at all *875 inconsistent with a prosecutor's decision before the filing of a criminal charge to proceed with a discretionary direct file.
As Manduley notes, a prosecutor's "traditionally ... broad power to charge crimes extends to selecting the forum...." (Manduley v. Superior Court, supra, 27 Cal.4th at p. 552, 117 Cal.Rptr.2d 168, 41 P.3d 3.) By selecting the forum, a prosecutor selects the procedure and protocol of that forum. Whether in juvenile court at a disposition hearing or in criminal court after trial, Welfare and Institutions Code section 706 adds to the record a base of "evidence on the question of the proper disposition to be made of the minor."[8] In only the latter forum, however, can the rigorous adversarial character of a criminal trial add another dimension of evidence, rulings, and findings to the record, both for the criminal court's posttrial exercise of Penal Code section 1170.19(a)(4) discretion and for the appellate court's review for possible abuse of discretion.
The "fundamental task of statutory construction is to `ascertain the intent of the lawmakers so as to effectuate the purpose of the law.'" (People v. Cruz (1996) 13 Cal.4th 764, 774-775, 55 Cal.Rptr.2d 117, 919 P.2d 731.) If the language is clear, the plain meaning of the words is determinative, and there is ordinarily no need to look beyond the statute itself. (People v. Benson (1998) 18 Cal.4th 24, 30, 74 Cal.Rptr.2d 294, 954 P.2d 557.) If the language is ambiguous, the courts may "resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (People v. Coronado (1995) 12 Cal.4th 145, 151, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
Even though we do not find the language of the statute ambiguous, we nonetheless take note of the legislative history to quiet any doubt about the meaning of the words. A committee synopsis of Senate Bill No. 334, the bill that led to the enactment of Penal Code sections 1170.17, subdivision (a), and 1170.19(a)(4) alike, state: "This bill would enact reverse remand provisions applicable to minors against whom charges were filed directly in adult criminal court, as specified." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 334 (1999-2000 Reg. Sess.) as amended Sept. 9, 1999, p. 5.) The Senate Rules Committee analysis of that bill states: "Specifically, this bill: [¶] ... [¶] Enacts a reverse remand provision authorizing the court to impose a juvenile disposition for a minor convicted after a direct file prosecution if the minor satisfies specified criteria." (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 334 (1999-2000 Reg. Sess.) as amended Sept. 9, 1999, pp. 6-7.)
In the case at bar, the prosecutor argued that Penal Code section 12022.53, subdivision (h) made Thomas's admission of a personal firearm use allegation a "nonstrikable enhancement" that prohibited a reverse remand.[9] The court agreed with the prosecutor that the statute left the court "statutorily precluded from striking *876 that enhancement," denied Thomas's motion for a remand to juvenile court, and imposed a state prison sentence. The record shows no discussion by court or counsel of the discretion that Penal Code section 1170.19(a)(4) grants to order a juvenile disposition after a criminal trial on a discretionary direct file. The exercise of that discretion does not require the court to strike an enhancement. (Ibid.)
Accordingly, a remand for resentencing is necessary.[10] "Defendants are entitled to sentencing decisions made in the exercise of the `informed discretion' of the sentencing court." (People v. Belmontes (1983) 34 Cal.3d 335, 348, fn. 8, 193 Cal.Rptr. 882, 667 P.2d 686, quoting United States v. Tucker (1972) 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592; see Toumsend v. Burke (1948) 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690; People v. Austin (1981) 30 Cal.3d 155, 160-161, 178 Cal.Rptr. 312, 636 P.2d 1.)

DISPOSITION
Thomas's state prison sentence is ordered stricken from the judgment. The matter is remanded for a hearing at which the court shall exercise the discretion that Penal Code section 1170.19(a)(4) grants to a criminal court to order a juvenile disposition after a criminal trial on a discretionary direct file. After the exercise of that discretion, the court shall prepare an amended abstract of judgment. Otherwise the judgment of conviction is affirmed.
WE CONCUR: BUCKLEY, Acting P.J, and CORNELL, J.
NOTES
[1] The Gang Violence and Juvenile Crime Prevention Act of 1998. (Initiative Measure, Voter Information Guide, Primary Elec. (Mar. 7, 2000) Prop. 21 (hereafter Proposition 21).)
[2] Penal Code section 1170.19(a)(4) provides: "Notwithstanding any other provision of law, the following shall apply to a person sentenced pursuant to Section 1170.17:[¶] ... [¶] (4) Subject to the knowing and intelligent consent of both the prosecution and the person being sentenced pursuant to this section, the court may order a juvenile disposition under the juvenile court law, in lieu of a sentence under this code, upon a finding that such an order would serve the best interests of justice, protection of the community, and the person being sentenced. Prior to ordering a juvenile disposition, the court shall cause to be received into evidence a social study by the probation officer, prepared pursuant to Section 706 of the Welfare and Institutions Code, and shall state that the social study made by the probation officer has been read and considered by the court." (Italics added. Added by Stats.1999, ch. 996, § 12.1.)
[3] California Constitution, article III, section 3 (formerly Cal. Const., art. III, § 1) provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."
[4] The parties stipulated to the police reports, the preliminary hearing transcript, and "any independent investigation" as the factual basis of the plea. The preliminary hearing transcript is the source of the facts here.
[5] On the ground that Thomas's counsel's motion for a remand to juvenile court preserved for appeal the issue we reach on the merits, we reject out of hand his argument that his counsel rendered ineffective assistance of counsel by "fail[ing] to request a juvenile disposition for the client." (See Strickland v. Washington (1984) 466 U.S. 668, 693-694, 104 S.Ct. 2052, 80 L.Ed.2d 674; People v. Ledesma (1987) 43 Cal.3d 171, 217-218, 233 Cal.Rptr. 404, 729 P.2d 839.)
[6] Since Thomas requested a juvenile disposition, the issue of whether the statute's requirement of the accused's consent is severable from the invalid requirement of a prosecutor's consent is not before us. (Cf. People v. Navarro, supra, 7 Cal.3d at pp. 264-265, 102 Cal.Rptr. 137, 497 P.2d 481.)
[7] Penal Code section 1170.17, subdivision (a) provides in part: "When ... the prosecution is lawfully initiated in a court of criminal jurisdiction ..., the person shall be subject to the same sentence as an adult convicted of the identical offense, in accordance with the provisions set forth in subdivision (a) of Section 1170.19...." (Italics added. Added by Stats.1999, ch. 996, § 12; amended by Stats. 2000, ch. 287, § 15.)
[8] Welfare and Institutions Code section 706, which Penal Code section 1170.19(a)(4) incorporates by reference, provides in part: "The court shall receive in evidence the social study of the minor made by the probation officer and any other relevant and material evidence that may be offered, including any written or oral statement offered by the victim, the parent or guardian of the victim if the victim is a minor, or if the victim has died or is incapacitated, the victim's next of kin. ..." (See fn. 2, ante.)
[9] Penal Code section 12022.53, subdivision (h) provides: "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."
[10] If on remand the court were to order a juvenile disposition pursuant to Penal Code section 1170.19(a)(4), the issue of whether section 1385 might give the court the authority to do so by striking the personal firearm use allegation would become moot. Consequently, we need not address that issue.