Filed 12/9/14  In re E.S. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re E.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E.S.,<br><br>        Defendant and Appellant. | A141736<br><br>(Solano County<br>Super. Ct. No. J42325) |

Defendant E.S. appeals from a judgment of the juvenile court sustaining allegations of felony and misdemeanor assault with a deadly weapon or by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] on two dates, and misdemeanor exhibition of a deadly weapon (§ 417, subd. (a)(1)) on two dates, declaring wardship and placing him on probation on numerous terms and conditions, including serving five weekends in juvenile hall.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not filed anything further.  Upon independent

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

## DISCUSSION

On January 13, 2014, the Solano County District Attorney filed a wardship petition under Welfare and Institutions Code section 602, subdivision (a), alleging four counts, two arising out of an incident occurring on January 8, 2014, and two arising out of an incident on November 11, 2013.[2] A contested jurisdictional and disposition hearing was held on April 28, 2014.

The January 2014 incident occurred in E.S.'s math classroom at the end of the day. In response to a classmate, K.J., telling him what she had just said to another classmate "didn't concern" him so "why did [he] want to know," E.S. pulled a knife from his pocket, opened it, and pointed it at K.J.'s stomach. K.J. had been out of her seat, and when she sat down, E.S. leaned across his desk and held the blade six to eight inches from her neck. When K.J. told him to "[g]et the knife out of my face," he did so and put it in his pocket, but then pulled it out again and held it closer to her neck. Fearing E.S. would cut her, K.J. told him what she had said to the other student. K.J. did not tell the teacher, fearing E.S. would try to cut her, but did tell a cousin. The following day she also told another cousin, who told E.S. to apologize to K.J. E.S. walked away and one of her cousins chased him. Two days after the incident, K.J. met with Police Officer Gulian and wrote out a statement of what happened.

The November 2013 incident occurred in the vicinity of the high school stadium. E.S. was either walking with or came up behind a fellow student, A.S. A.S. had briefly dated E.S. E.S. demanded to see a note A.S.'s friend had given to her about E.S., telling her if she did not, he would cut her. E.S., standing two to three feet away, pulled out a knife from his pants pocket, opened it, and pointed it at her stomach. A.S. snatched the

---

[2] A minor correction was made to count 1 in an amended petition filed February 28, 2014. A second amendment adding a fifth count, misdemeanor battery on school property, was filed April 8, 2014, and which was subsequently dismissed pursuant to a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.)

2

knife, then gave it back to E.S. and he put it away. After that, she threw the letter at him and walked away. The next day, A.S. told a substitute teacher, whose name she could not later recall. She also told her mother, who told her to tell the principal. She did not do so until January, 2014, when she also met with Police Officer Gulian.

E.S. denied both incidents, said he never brought a knife to school and claimed the other students were all friends. He also had broken up with A.S. His math teacher testified he had not seen any incident in the classroom on January 8. Officer Gulian testified K.J. did not say anything about E.S. holding a knife to her stomach and A.S. did not say she had told the substitute teacher or her mother about the incident. E.S.'s mother testified she had seen two students "jump" her son, and on January 10, 2014, she and her son reported the incident to the principal. She also searched their home and found no knife and never saw her son with a knife.

On rebuttal, in response to E.S.'s assertion he never told anyone he took a knife to school, Melani Zamora, a probation officer, testified E.S. told her he started taking a knife to school in December because there were students who disliked him. He also admitted to her displaying the knife in the math class, but said he kept it at his side, covered with his hand.

The trial court sustained the allegations, finding the testimony of K.J. and A.S. and one of the corroborating witnesses to be credible. It granted an *Esteybar* motion[3] as to the second incident, reducing the assault charge to a misdemeanor, and set the maximum term of confinement at four years four months. It placed E.S. on probation subject to numerous terms and conditions, including that he serve five weekends in juvenile hall, excusable if he was in compliance.[4] The trial court urged E.S. to get this episode behind him and stay out of trouble so the record can be sealed.

---

[3] *Esteybar v. Municipal Court* (1971) 5 Cal.3d 119 (*Esteybar*).

[4] The Probation Report stated E.S. had not taken "any type of responsibility for the offenses," and had "denied any involvement, and expressed uncertainty as to why his peers created lies that resulted in the sustained violations." The probation officer reported E.S. as being evasive, and noted his statements to the officer were contradictory to those he had made to the Intake Officer.

Throughout the proceedings, defendant was ably represented by counsel. The juvenile court's findings are supported by substantial evidence. There was no abuse of discretion in the disposition. The probation terms are lawful, and the court duly ordered restitution and imposed a restitution fine.

## DISPOSITION

After a full review of the record, we find no arguable issues and affirm the judgment.

                                                    _____

                                                    Banke, J.

We concur:

_____

Humes, P. J.

_____

Margulies, J.