Filed 5/18/23  P. v. Day CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080229 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN423931) |
| DONALD EUGENE DAY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Patrick Dudley, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Paige B. Hazard and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Donald Eugene Day on one count of making criminal threats.  The trial court sentenced him to the middle term of two years, and

doubled the term based on a true finding as to a prior strike, for a total of four years in state prison. On appeal, Day contends the trial court abused its discretion by imposing the middle term without considering whether psychological trauma was a contributing factor in the commission of the offense, as required by recent statutory amendments to Penal Code section 1170, subdivision (b)(6).[1] The People assert that Day forfeited this argument by failing to raise it below, and that the trial court did not abuse its discretion in any event because it did consider Day's psychological history and is presumed to have followed the law. We agree and affirm the judgment.

### BACKGROUND AND PROCEDURAL FACTS

The People charged Day with one count of making a criminal threat (§ 422, subd. (a)), along with a special allegation that he committed the offense while on bail (§ 12022.1). They alleged further in the complaint that Day had suffered a serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and a strike prior (§§ 667, subds. (b)–(i), 1170.12, 668), arising from a prior conviction for the same charge.

The charges stemmed from an incident on a city bus, in which Day verbally abused the bus driver and then threatened to shoot a transit employee who intervened. The employee testified that, during the altercation, Day told him, "I'm going to shoot you," and began looking through his backpack as if to retrieve a weapon. Day repeated the threat several times but never produced a weapon. In fact, a search later revealed that Day did not have a firearm in his possession.

---

[1]    All further unspecified statutory references are to the Penal Code.

The jury found Day guilty of violating section 422, and the parties stipulated that the offense was committed while Day was released from custody on bail. Thereafter, at a bifurcated bench trial, the trial court made true findings as to the prior felony and prior strike allegations.

The Probation Department submitted a report prior to sentencing. In an interview with the Probation Officer, Day admitted threatening the officer with a weapon he did not have and said that "he struggles with his temper because of his Bipolar disorder." He also stated that he has a dementia diagnosis. He denied a drug or alcohol addiction. The Probation Officer noted that "[t]he defendant has been diagnosed as having Bipolar disorder, depression and dementia," and listed the diagnosis of dementia and bipolar disorder as a possible circumstance in mitigation. The Probation Department recommended that Day be sentenced to the middle term of two years for the primary offense, doubled to four years based on the prior strike allegation, plus two years for the on-bail enhancement and five years for the serious felony prior, for a total sentence of eleven years.

The sentencing hearing was set for March 24, 2022. The trial court began by addressing various motions that Day had filed in the weeks before the hearing.[2] The first was a motion for a new trial, in which Day asserted that he "was actively suffering" from "significant mental health issues" at the time of the incident, and that those issues should have been presented to the jury "in the context of [his] mental state and intent at the time of the incident." The court noted that the only factual allegations Day had made regarding his mental health was that he got lost and got on the wrong bus

_____

[2]     Day does not dispute the trial court's rulings on these motions. They are discussed only insofar as the trial court's comments regarding Day's mental health are relevant to the sentencing issue Day does raise on appeal.

the night before the incident because of his dementia, and that he gets very confused and lost, "especially in the dark."

The court explained that Day's mental health condition could have been admissible on the issue of whether he formed the requisite specific intent that his statement be understood as a threat. But Day admitted he told the victim that he had a gun and would shoot him and wrote in an apology letter to the victim that "[n]obody deserves to be in fear of their lives." Thus, the court stated, "[Day] has not factually claimed that his mental conditions caused him not to have the intent that his statements be understood as a threat. Getting confused or lost because of dementia is not relevant to whether one understands they're making a threat." The court continued, "[t]he evidence at trial also showed [Day] was not suffering from a mental condition that affected his intent, in that only minutes after the conduct [Day] was contacted by the police, and when asked if he had threatened to shoot the bus supervisor with a gun, he admitted, yes, because he refused to let me on a bus."

The court then discussed medical records submitted in support of the new trial motion. The court found the records also did not support a claim that Day did not form the requisite specific intent because of his mental conditions. Instead, the records showed "no confusion" and "no mention of current mental issues." The court noted that "actual evaluations in the months shortly before the incident specify there is no confusion, that he has stopped taking his bipolar medication three years previous upon his doctor's advice that it wasn't necessary, and there were no subsequent events, and his last psychiatric hospitalization was in 2014." Thus, the court concluded that Day's "medical records and prior medical history of dementia and bipolar are

4

not material to his defense." After addressing some additional arguments, the trial court denied the motion for new trial.

The court then turned to a second motion, which it characterized as, "in essence," a combined *Romero* and *Esteybar* motion.[3] Defense counsel raised Day's mental health once again, in outlining relevant considerations for the motions. He acknowledged the court's previous conclusion that Day's mental health issues had subsided but argued "that's one of the things about mental health issues, is that they don't necessarily follow a trajectory that's predictable and understandable, and that they do come and go. And unfortunately, given the state of the affairs, you know, we just will never know exactly to the extent that he was suffering from those at this time, which is a stressful time for him that evening." He asked the court to reduce the section 422 violation to a misdemeanor, and, in the alternative, he asked the court to strike the priors and the on-bail enhancement and to sentence Day to the middle term of two years. In response, the court reiterated, "as noted at length in the Court's prior ruling, [Day] does have a history of dementia and bipolar, but with regard to those medical records it shows that there was no issue in the months leading up to the incident." After discussing additional factors, the court denied both motions.

Finally, the court turned to sentencing. The court provided defense counsel an opportunity to argue further, but he declined, electing to rest on his previous arguments. In making its ruling, the court noted that "although it is claimed his mental condition reduced his culpability, as the Court has gone through in much detail, the Court does not find that that applied at the

---

3    See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [explaining a sentencing court's discretion to strike prior conviction allegations]; *Esteybar v. Municipal Court* (1971) 5 Cal.3d 119 [addressing a motion to reduce a wobbler to a misdemeanor].

time of the incident" and that "although he has a medical history of dementia and bipolar, it didn't appear to be affecting him at the time of the incident." "Frankly, he was mad and made the threat intending it to be a threat against someone who was simply doing their job." After considering additional factors in aggravation and mitigation, the court selected the midterm of two years, and then doubled that term to four years based on the prior strike.

The court then considered whether it should dismiss the enhancements based on the factors set forth in section 1385, subdivision (c)(3). Again considering Day's mental health, the court stated, "although, the defendant does have mental illness in his history, the Court went through in great detail that there were no symptoms displayed at or near the time of the offense. And the Court does not find it substantially contributed to his involvement in the commission of this crime in incorporating its analysis under the new trial motion." But, after weighing the remaining factors under section 1385, subdivision (c)(3), the court dismissed the enhancements under section 667, subdivision (a) and section 12022.1. As a result, the court sentenced Day to a total of four years in state prison.

Day timely appealed.

DISCUSSION

Day's sole contention on appeal is that the trial court abused its discretion by failing to consider whether his history of psychological trauma required imposition of the lower term pursuant to recently amended section 1170, subdivision (b)(6). The People argue that Day has forfeited the argument because he did not raise the claim in the trial court, and even if he did not forfeit the claim, the trial court did not abuse its discretion by imposing the middle term. We agree.

6

In 2021, the Legislature approved Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which made significant amendments to the determinate sentencing law under section 1170, former subdivision (b). (See Stats. 2021, ch. 731, § 1.3.) Amended section 1170, subdivision (b)(1) now provides, when the relevant "statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," unless certain circumstances exist. (§ 1170, subd. (b)(1).) And, as relevant here, amended section 1170, subdivision (b)(6) provides further: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6).)

These amendments went into effect on January 1, 2022, and were therefore in effect on March 24, 2022, at the time of Day's sentencing hearing. Despite this, and despite raising multiple other arguments regarding the impact of his mental health, Day did not suggest that psychological trauma was a contributing factor in the commission of the offense, or that the court should impose the lower term in accordance with section 1170, subsection (b)(6). Day does not contend otherwise and, instead, concedes that defense counsel "never invited the court to consider its impact on Mr. Day's case at . . . sentencing." As a result, Day has forfeited the argument on appeal.

The California Supreme Court has held "that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) As the Court explained, "[o]ur reasoning is practical and straightforward. Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid.*)

If at sentencing, Day's counsel had asked the court to rule on the applicability of section 1170, subdivision (b)(6) and select the lower term, the trial court would have been readily able to address the issue, as is clear by its detailed rulings on the new trial motions, the *Romero* and *Esteybar* motions, and the factors discussed by the court in aggravation and mitigation. By failing to raise the claim in the trial court, Day precluded the trial court from doing so, and therefore is precluded from now raising the claim on appeal. (See *People v. Scott, supra*, 9 Cal.4th at p. 353.)

In his reply brief, Day asserts that his counsel did raise the issue by referring generally to his ongoing mental health issues. We disagree that those general references were sufficient to raise a claim under section 1170, subdivision (b)(6). But even if Day had not forfeited the issue, we would conclude that the trial court did not abuse its discretion in imposing the middle term.

We review the sentencing court's choice of term for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A failure to exercise discretion may constitute an abuse of that discretion. (*Ibid.*) Here, Day asserts the trial court abused its discretion by failing to consider whether his psychological trauma was a contributing factor to the offense, thereby requiring imposition of the lower term pursuant to section 1170, subdivision (b)(6).

Day bases his argument on *People v. Banner* (2022) 77 Cal.App.5th 226 (*Banner*), but the issue there was different. In *Banner*, the defendant was sentenced *before* the recent amendments to section 1170, subdivision (b) became effective. (*Banner*, at p. 239.) The amendments went into effect while his appeal was pending, and Banner then asserted the amendments were retroactive and required that the matter be remanded for resentencing. (*Id.* at p. 240.) The appellate court agreed and remanded the matter so that the trial court could specifically address whether a mental health issue contributed to the crime under section 1170, subdivision (b)(6). (*Banner*, at p. 240.) In doing so, the court acknowledged that the trial court had considered the defendant's mental health in the context of a request for diversion under section 1001.36, subdivision (b)(1)(B), which would have required a finding that his mental health issue was a significant factor in the crime. (*Banner*, at p. 241.) The court noted, however, that the analysis under 1170, subdivision (b)(6) requires only a finding that the trauma was a "contributing factor" to the crime. (*Banner*, at p. 241.) Thus, the *Banner* court held, "the trial court's conclusion Banner's mental illness was not a *significant* factor in the crime does not subsume a finding it was a lesser *contributing* factor." (*Ibid.*) And, the appellate court could not conclude that

9

the trial court would have reached the same conclusion under the lesser standard.  (*Ibid.*)

In this case, there was no such ambiguity.  As we have already explained, the amendments were in effect at the time of the sentencing hearing.  We presume that the trial court knew and applied the correct law, including the recent amendments to Penal Code section 1170.  (See *People v. Thomas* (2011) 52 Cal.4th 336, 361.)  At the sentencing hearing, the trial court repeatedly considered Day's mental health issues, and concluded that they did not contribute to the offense.  Day points out that the court stated his mental health issues did not "substantially contribute[ ]" to the offense, in the context of discussing section 1385, subdivision (c)(3), and asserts, in reliance on *Banner*, that the trial court could have still determined that his psychological trauma was a contributing factor under section 1170, subdivision (b)(6).  But the trial court was not required to make an explicit finding regarding Day's alleged psychological trauma in the absence of argument from counsel, and there is nothing in the record before us to suggest the trial court neglected to consider that, or any of the other factors set forth in section 1170, subdivision (b)(6).  Rather, when read in the context of the court's careful analysis of the mental health issues throughout the entire sentencing hearing, it is clear that the court found that Day's mental health issues did not contribute at all to the offense.

Further, Day conflates his prior mental health diagnosis with the finding of psychological trauma required under section 1170, subdivision (b)(6).  As the *Banner* court noted, "[t]o be clear, we do not hold mental illness alone qualifies for the lower term presumption.  Psychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)."  (*Banner, supra*, 77 Cal.App.5th at 241.)

10

Nothing in the record supports a finding that Day's mental health diagnoses caused psychological trauma, which in turn contributed to his threats. Thus, there was no reason, or need, for the trial court to make an express finding as to the impact of any such psychological trauma under section 1170, subdivision (b)(6).  (Cf. *People v. Fredrickson* (Apr. 24, 2023) ___ Cal.App.5th ___ [2023 WL 3049387, *6] [because there was no showing that defendant's age was a contributing factor in the offense, the court was not required to make an express finding regarding the applicability of section 1170, subdivision (b)(6)].)

In sum, we conclude that Day forfeited his assertion that the trial court abused its discretion by failing to consider whether section 1170, subdivision (b)(6) required imposition of the lower term, and, even if he had not, we would conclude that the trial court did not abuse its discretion by imposing the middle term.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

BUCHANAN, Acting P. J.

CASTILLO, J.

11